# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN CARVER JOHNSON, | 1:08-cv-00446 OWW DLB HC |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION WITH EXCEPTION OF TEAGUE ANALYSIS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, WITHOUT PREJUDICE, AND DIRECTING CLERK OF COURT TO TERMINATE ACTION |
| v. | |
| D.K. SISTO, Warden | |
| Respondent. | [Doc. 6] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 16, 2008, the Magistrate Judge issued Findings and Recommendation that the Petition for Writ of Habeas Corpus be DISMISSED, without prejudice. This Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On May 6, 2008, Petitioner filed timely objections to the Findings and Recommendation. On this same date, Petitioner filed a request to vacate the judgment and allow him to obtain leave from the Ninth Circuit Court of Appeals to file the instant successive petition. (Court Doc. 8.) In the interest of judicial efficiency, the Court will not hold the instant action in abeyance while Petitioner seeks leave from the Ninth Circuit.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's

1

objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, with one exception. In the recommendation, the Magistrate Judge found that the Supreme Court's holding in Cunningham could not be applied retroactively on collateral review. However, on June 9, 2008, subsequent to the recommendation, the Ninth Circuit found that the Supreme Court's decision in Cunningham did not announce a new rule of constitutional law under Teague's nonretroactivity rule.[1] Butler v. Curry, 528 F.3d 624, 633-639. Rather, Cunningham "simply applied the rule of *Blakely [v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 2d 403 (2004)], to a distinct but closely analogous sentencing scheme. That the Supreme Court held for the first time that *California's* sentencing scheme violates the Sixth Amendment does not render its decision in *Cunningham* a new rule." Id. at 636.

In order to determine whether existing precedent dictated that California's DSL was inconsistent with the Sixth Amendment right to a jury trial, the Court must "'ascertain the legal landscape as it . . . existed'" before October 12, 2000, the date Petitioner's conviction became final. Butler, 528 F.3d at 634.[2]

Here, Petitioner's conviction became final on or about October 12, 2000, ninety days after the California Supreme Court denied his petition for review on July 12, 2000.[3] At that time, the Supreme Court had issued its decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, on June 26, 2000. Therefore, to the extent, Petitioner may have a claim arising under Apprendi, alone, as setting forth clearly established law that California's Determinate Sentencing law

---

[1] In Teague v. Lane, 489 U.S. 288 (1989), the Supreme Court held that a new rule of constitutional law cannot be applied retroactively on federal collateral review to upset a state conviction or sentence unless the new rule forbids criminal punishment of primary, individual conduct or is a "watershed" rule of criminal procedure. Caspari v. Bohlen, 510 U.S. 383, 396 (1994).

[2] In this instance, direct review concluded ninety (90) days after the California Supreme Court denied his petition for review on July 12, 2000. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).

[3] See 1:01-cv-05255-REC-LJO-HC, Johnson v. Carey, Court Document No. 23, of which the Court takes judicial notice. A Court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).

2

violated a defendant's sixth amendment jury trial right by imposing an upper term sentence based on facts found only by the judge using a preponderance of the evidence standard, the Court does not find such claim barred by Teague.  Petitioner's objections present no further grounds for questioning the Magistrate Judge's analysis.

      Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued April 16, 2008, is ADOPTED, as modified herein;
2. The Petition for Writ of Habeas Corpus is DISMISSED, without prejudice;
3. The Clerk of the Court is DIRECTED to close this action; and,
4. The Court declines to issue a certificate of appealability.  The Court finds that Petitioner has failed to make an adequate showing.  The Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed, without prejudice, as a successive petition.  See Slack v. McDaniel, 529 U.S. 473, 484-485 (2000).  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DENIES Petitioner's motion for certificate of appealability

IT IS SO ORDERED.

**Dated:   July 25, 2008**             **/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE